UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| NAMAIRE Q. ANDREWS, | ) |
| Plaintiff, | ) |
| v. | ) No. 2:21-CV-014-TAV-CRW |
| U.S. MARSHAL KEN MILLER, <br> N.P. EDITH HACKER, and <br> JAILOR JEME MOSELY | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

Plaintiff, a federal prisoner incarcerated in Kentucky, has filed a pro se complaint alleging violations of U.S.C. § 1983 [Doc. 1] and a motion for leave to proceed *in forma pauperis* [Doc. 2]. For the reasons set forth below, Plaintiff's motion for leave to proceed *in forma pauperis* [*Id.*] will be **GRANTED**, Plaintiff's claims against Defendant Marshal Miller will be **DISMISSED** for failure to state a claim upon which relief may be granted under § 1983, and the remainder of this action will be **TRANSFERRED** to the United States District Court for the Eastern District of Kentucky.

**I.     FILING FEE**

As Plaintiff's motion for leave to proceed *in forma pauperis* establishes that he is unable to pay the filing fee, that motion [*Id.*] will be **GRANTED**.

Because Plaintiff is an inmate of the Laurel County Correctional Center, he will be **ASSESSED** the civil filing fee of $350.00. The custodian of Plaintiff's inmate trust

account will be **DIRECTED** to submit to the Clerk, U.S. District Court, 220 West Depot Street, Suite 200, Greeneville, Tennessee 37743, twenty percent (20%) of Plaintiff's preceding monthly income (or income credited to his trust account for the previous month), but only when the monthly income exceeds ten dollars ($10.00), until the full filing fee has been paid. 28 U.S.C. §§ 1914(a), 1915(b)(2).

To ensure collection of this fee, the Clerk will be **DIRECTED** to provide a copy of this memorandum and the associated order to the custodian of inmate accounts at the Laurel County Correctional Center and the Court's financial deputy. They shall be placed in Plaintiff's file and follow him if he is transferred to a different institution.

## II. SCREENING

### A. Standard

Under the Prison Litigation Reform Act ("PLRA"), district courts must screen prisoner complaints and shall, at any time, *sua sponte* dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See, e.g.,* 28 U.S.C. §§ 1915(e)(2)(B) and 1915(A); *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999). The dismissal standard that the Supreme Court set forth in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) "governs dismissals for failure state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive an initial review under the PLRA, a

complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

Formulaic and conclusory recitations of the elements of a claim are insufficient to state a plausible claim for relief. *Id.* at 681. Likewise, an allegation that does not raise a plaintiff's right to relief "above a speculative level" fails to state a claim upon which relief may be granted. *Twombly*, 550 U.S. at 570. However, courts liberally construe pro se pleadings and hold them to a less stringent standard than lawyer-drafted pleadings. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

A claim for violation of 42 U.S.C. § 1983 requires a plaintiff to establish that a person acting under color of state law deprived him a federal right. 42 U.S.C. § 1983.

### B. Allegations

Plaintiff was incarcerated in Tennessee before Defendant Ken Miller, a United States Marshal, transferred him to North Carolina, where he did not receive his proper medication despite filing several requests and a grievance [Doc. 1 p. 4]. Defendant Marshal Miller then transferred Plaintiff to the Laurel County Detention Center, where he has continued to fail to receive his properly prescribed medication from staff under the supervision of Defendants Nurse Hacker and Jailor Mosely, which plaintiff alleges resulted in his having a stroke [*Id.*]. As relief, Plaintiff seeks a Court order granting him a copy of his medical record, an attorney, release on a medical bond and/or to a federal medical facility, and monetary, declarative, and injunctive relief [*Id.* at 5–6].

C.  Analysis

First, even if the Court assumes that Plaintiff's claim against Defendant Marshal Miller is properly within this Court's jurisdiction, Plaintiff does not have a constitutional right to be housed in a certain facility. *Williamson v. Campbell*, 44 F. App'x 693, 695 (6th Cir. 2002) (providing that prisoners have "no constitutional right to be confined in a particular institution"); *see also LaFountain v. Harry*, 716 F.3d 944, 948 (6th Cir. 2013) (noting that, absent unusual circumstances, prison officials, rather than judges, should decide where a particular prisoner should be housed). Moreover, Plaintiff does not have a constitutional right to early release from a valid sentence. *Hammonds v. Long*, No. 3:18-CV-00799, 2018 WL 4220703, at *2 (M.D. Tenn. Sept. 4, 2018) (noting that "inmates have no constitutional right to . . . early release from a lawfully imposed sentence") (citing *Greenholtz v. Nebraska Penal Inmates*, 442 U.S. 1, 7 (1979)). Thus, to the extent that Plaintiff seeks early release, he must do so in a habeas corpus action. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) (holding inmate alleging entitlement to speedier release must pursue such relief through habeas action).

Also, Plaintiff has not set forth any other facts from which the Court can plausibly infer that Defendant Marshal Miller was personally involved in any violation of Plaintiff's constitutional rights such that he could be liable for the allegations of the complaint under § 1983. *Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (providing that "a complaint must allege that the defendants were personally involved in the alleged deprivation of federal rights" to state a claim upon which relief may be granted under §

4

1983); *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999) (finding that knowledge of a prisoner's grievance and failure to respond to or remedy the complaint was insufficient to impose liability on supervisory personnel under § 1983).

Accordingly, the complaint fails to state a claim upon which relief may be granted under §1983 as to Defendant Marshal Miller. The remainder of Plaintiff's complaint alleges that jail officials in North Carolina and Kentucky have failed to provide him with certain medical care, and Plaintiff has only sued Kentucky jail officials in the Laurel County Correctional Facility [Doc. 1 p. 4]. The general venue statute for federal district courts provides in relevant part as follows:

> A civil action may be brought in—
>
> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C.A. § 1391(b)(1)-(3). A federal district court may transfer a civil action to any district or division where it could have been filed originally "in the interest of justice." 28 U.S.C. § 1406(a).

As set forth above, other than Defendant Marshal Miller, Plaintiff has sued only officials in the Laurel County Correctional Center, which is in Laurel County, Kentucky

5

and lies within the United States District Court for the Eastern District of Kentucky. 28 U.S.C. § 97(a). The Court therefore concludes that the proper venue for this case is the United States District Court for the Eastern District of Kentucky. *See O'Neill v. Battisti*, 472 F.2d 789, 791 (6th Cir. 1972) (finding that venue in a suit against a public official lies in the district where he performs his official duties).

I.  CONCLUSION

For the reasons set forth above:

1. Plaintiff's motion for leave to proceed *in forma pauperis* [Doc. 2] will be **GRANTED**;

2. Plaintiff will be **ASSESSED** the civil filing fee of $350.00;

3. The custodian of Plaintiff's inmate trust account will be **DIRECTED** to submit the filing fee to the Clerk in the manner set forth above;

4. The Clerk will be **DIRECTED** to provide a copy of this memorandum and opinion and the accompany order to the custodian of inmate accounts at the institution where Plaintiff is now confined and the Court's financial deputy;

5. Even liberally construing the complaint in favor of Plaintiff, it fails to state a claim upon which relief may be granted under § 1983 as to Defendant Marshal Miller;

6. Accordingly, Defendant Marshal Miller will be **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915(A); and

7. The Clerk will be **DIRECTED** to transfer this action to the United States District Court for the Eastern District of Kentucky and to close this Court's file.

**AN APPROPRIATE JUDGMENT ORDER WILL ENTER**.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE